*553 The opinion of the Court was delivered by
O’Neall, C. J.
The first ground of appeal cannot be maintained as an estoppel by record. For a discharge under the Prison Bounds Act does not operate as a record. It is received in evidence as a quasi record, having effect as a judicial determination.
On the second ground, I think the magistrate hhd jurisdiction. For, under the Act of 1799, justices of the quorum were commissioners of special bail, and had jurisdiction of all such applications as were heard by the magistrate, Mr. Rhett. Since 1839, this power has been taken away, except in the cases when the clerk may be interested, sick, or absent from his office.
In this case he was absent from his office (his place of business). He was attending to the Court, then in session, and of coarse was not in his office to attend to the petition and notice of the prisoner for his discharge. This was, I think, in a liberal construction of a remedial statute, absence from his office. That being so, Mr. Rhett, a magistrate, had the authority to discharge the prisoner.
The discharge being legal, the condition of the bond for the bounds was -not broken, and the defendant was entitled to a verdict, and the motion for a new trial is therefore granted.
Johnston and Wardlaw, JJ., concurred.

Motion granted.